FILED '08 SEP 19 11:32 USDC-LAE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIM SCHEHR, INDIVIDUALLY       CIVIL ACTION NO: 08-4434
AND ON BEHALF OF HER
MINOR DAUGHTER, RLM            JUDGE: SECT C MAG 4

VERSUS                         MAGISTRATE-JUDGE: _____

MARK ERNST, JR., ST. TAMMANY PARISH
SCHOOL BOARD, BRUCE BUNDY, INDIVIDUALLY
AND IN HIS OFFICIALLY CAPACITY AS PRINCIPAL
OF MANDEVILLE HIGH SCHOOL, and GAYLE
SLOAN, INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS SUPERINTENDENT OF ST.
TAMMANY PARISH SCHOOL BOARD

## PETITION FOR DAMAGES

NOW INTO COURT, comes **KIM SCHEHR**, individually and on behalf of her minor daughter, **RLM**, over whom she has sole and exclusive custody and tutorship, a resident of the full age of majority of St. Tammany Parish, State of Louisiana, who respectfully represents:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C.§ 1367 affording supplemental jurisdiction over the Petitioner's claims arising under state law.  Venue is proper within this judicial district as a majority of the incidents alleged herein occurred within this judicial district.

2.

The Defendants enumerated below are justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, litigation expenses, all costs of these proceedings, and all such other relief to which the Petitioner is entitled to under law or equity:

Fee 350.00
Process _____
X Dktd _____
___ CtRmDep _____
___ Doc. No _____

a) **MARK ERNST, JR.,** a person of the full age of majority, domiciled in the Parish of St. Tammany, State of Louisiana;

b) The **ST. TAMMANY PARISH SCHOOL BOARD** (hereinafter referred to as STPSB), an entity domiciled in the Parish of St. Tammany, State of Louisiana;

c) **BRUCE BUNDY,** individually and in his official capacity as Principal of Mandeville High School, a resident of the full age of majority of St. Tammany Parish, State of Louisiana; and,

d) **GAYLE SLOAN**, individually and in her official capacity as Superintendent of the STPSB, a resident of the full age of majority of St. Tammany Parish, State of Louisiana.

3.

The Petitioner's minor child, RLM, was a sophomore at Mandeville High school in Mandeville, Louisiana, St. Tammany Parish.

4.

At all times herein, the minor child, RLM, was entitled to enjoyment of a free public education within the meaning and intent of the Federal and Louisiana law and Mandeville High School is in receipt of Federal Funds and therefore, the provisions of Title IX are applicable.

5.

Mandeville High School offered a Marine Corps Junior Reserve Officer's Training Corps program (MCJROTC) referred to as under Sections 2031 of Title 10, USC, funding and sponsorship of the Department of the Navy, Office of the Secretary.

6.

The MCJROTC program "functions like a regular course and is conducted with normal school hours just like any other course". Students enrolled are required to be of "good moral character".

7.

The MCJROTC program allows other "cadets" to function in leadership capacities so the cadets will learn to exercise the "chain of command". Cadets in leadership positions "are expected to demonstrate high personal standards in order to set the example. All cadets should be honest, self reliant, and have a sense of personal and social responsibility….they must exhibit self discipline and respect for constituted authority through observance of laws, rules and regulations. Cadets who fail to meet standards will be removed from leadership positions."

8.

In the 2006-2007 school year, RLM was enrolled and participating as a MCJROTC Cadet as a sophomore. RLM received high school course credits for her participation in this program and for her enrollment in the program. Her grade point average, her promotion to the next grade, her ability to participate in extracurricular activities is directly related to her MCJROTC credit and grade.

9.

In the beginning of the 2007-2008 school year, RLM very much enjoyed her MCJROTC participation, had a goal of joining our military forces as an adult, and participated in an optional traveling drill team with the MCJROTC.

10.

In the 2007-2008 school year, the Defendant, Mark Ernst, Jr., was a Cadet in his senior year and was acting as a leadership Cadet and carried the entitlement as "Commandant" and was in a direct supervisory capacity of other inferior cadets of which he exhibited leadership including performing inspections and formations, and submitting documentations regarding the

subordinate cadet's grades to be received. Commandant Mark Ernst, Jr. was RLM's superior officer.

11.

On September 26, 2007, RLM was attending a drill practice, a MCJROTC sponsored event in which RLM attended and Mark Ernst, Jr. presided over in his capacity as Cadet Commandant.

12.

Outside of the school building, Mark Ernst, Jr. violently held down RLM and proceeded to rape, with full penis-vagina penetration, with copulation. The act was completely without consent and the child victim repeatedly told him, "No, No, No, Stop."

13.

At the time of the rape the MSGT Jones, the adult in charge of the MCJROTC activities, whereabouts were unknown.

14.

On September 27, 2007, RLM reported to the school guidance counselor, Janell, that she had been raped the prior afternoon by Mark Ernst, Jr.

15.

After RLM, reported the incident to STPSB, a police investigation ensued. The child and her parents were informed by the school not to discuss the incident "pending the investigation" and DNA results.

16.

The Defendant, Mark Ernst, Jr., denied any sexual contact whatsoever with RLM.

17.

Despite the fact that RLM reported to the STPSB that she had been raped, no action was taken by STPSB and the following occurred:

a) Mark Ernst, Jr. remained in his capacity as Commander in charge of other cadets, including female subordinates;

b) Mark Ernst, Jr. was not removed from MCJROTC, despite the Department of the Navy's own rules and guidelines mandating such;

c) Mark Ernst, Jr. remained in a supervisory capacity over his victim, RLM;

d) Mark Ernst, Jr. remained in his regular classes and STPSB advised RLM that she could change classes if she was "uncomfortable" being around him;

e) STPSB failed to give any credence to RLM concerns and RLM was told that no action would be taken against Mark Ernst, Jr. pending the criminal investigation;

f) Mark Ernst, Jr. continued in his sporting activities, including wrestling. In fact, Mark Ernst, Jr. was competing in a wrestling match for Mandeville High when arrested for simple rape; and,

g) Upon information and belief, no independent investigation by STPSB was performed and no remedial action was taken.

18.

The Mandeville Police Department conducted a criminal investigation in which, based on a positive DNA match, an arrest was made on January 11, 2008 for simple rape by Mark Ernst, Jr. against RLM.

19.

Following his arrest, the Defendant, Mark Ernst, Jr., was placed on a "home bound" school program; however, was allowed continued access to Mandeville High School at which time he continued to harass, intimidate, and threaten RLM with his presence and comments.

20.

The actions of the Defendant STPSB constituted the torts of invasion of privacy, intentional infliction of emotional distress as the actions and/or deliberate inactions of the Defendants as set forth herein were violated La. C.Civ.C. Art. 2315, *et seq.*

21.

As a result of the incidents sued upon herein, the Petitioner, on behalf of her minor child, RLM, sustained damages which include, but are not limited to, past and future medical/psychological expenses, pain and suffering, severe and extreme emotional distress and mental anguish, humiliation and embarrassment, loss of consortium, and all such other damages as will be more fully shown at trial of this matter and all for which the Petitioner, on the minor child's behalf, specifically sues for herein.

22.

In addition, the Petitioner, on behalf of her minor child, RLM, shows that the Defendants' actions caused the minor child mental anguish and emotional distress that was severe, debilitating, and foreseeable, and, hence, the Defendants are liable pursuant to La.C.Civ.C. Art, 2315.6.

23.

The Petitioner has experienced a loss of consortium with her daughter as a result of the actions and deliberate inactions set for herein for which she sues for pursuant to La. Civil Code Art. 2315, *et seq.*

24.

The attack on RLM was caused in part by the acts and omissions of the Defendant, STPSB, in the following illustrative and nonexclusive particulars:

a) Failure to maintain control over the students;

b) Failure to prevent the attack referenced herein;

c) Failure to investigate the attack referenced herein;

d) Failure to take prompt action;

e) Failure to remove the attacker from supervisory capacity over the victim;

f) Failure to remove the attacker from the vicinity of the victim;

g) Failure to take prompt disciplinary actions against the attacker;

h) Failure to provide adequate alternative school accommodations to the victim;

i) Failure to provide the victim with a notice of "open" hearings involving her attacker;

j) Failure to adequately protect the victim from her attacker or third parties following the attack;

k) For other acts which will be more filly shown at the trial in this matter.

25.

The acts and omissions of negligence of Bruce Bundy and Gayle Sloan were committed while in the course and scope of STPSB. Accordingly, the Defendant, STPSB, is vicariously liable for the acts and omissions of its employees, Sloan and Bundy, and liable *in solido* for all damages enumerated herein.

26.

The Defendant, Mark Ernst, Jr.'s, sexual assault/battery and harassment of RLM was so severe, pervasive and objectively offensive that it undermined and detracted from RLM's educational experience that she was denied equal access to the school's resources and opportunities.

27.

Additionally, STPSB is liable to the Petitioner for their failure to supervise as the risk of injury to RLM was foreseeable, constructively known, and preventable had a required a degree of supervision been exercised.

28.

STPSB did not follow its own policies in dealing with a student accused of a rape.

29.

The Defendants, Mark Ernst, Jr., STPSB, Bruce Bundy, and Gayle Sloan are individually liable to the Petitioner pursuant to La. C.C. art. 2315.

30.

The Defendant, Mark Ernst, Jr., is liable to the Petitioner for an assault, battery and extreme emotional distress as his actions were extreme and outrageous.

31.

The Defendant, STPSB, is liable to the Petitioner for "student on student" harassment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C.S. § 1681, *et seq*. in that the Petitioner was denied the benefit of or subjected to discrimination under an education program or activity receiving Federal financial assistance.

32.

The Defendant, STPSB, was immediately placed on notice of the "rape" and had the ability to take corrective and remedial action, yet failed to do so, and exhibited deliberate disregard and indifference subjecting RLM to harassment. In its reckless disregard for the Petitioner's federal right to a free public education, the Defendant, STPSB, is liable to the Petitioner for its clear violation of Title IX.

33.

The harassment sued for herein took place in and subject to the STPSB's control and the harasser was under the school's disciplinary authority. The Defendant, STPSB's, actions in failing to remove the child victim from the daily contact, control, path, harassment and torment of her perpetrator and subjecting her success in the STPSB and grades to his approval is so severe, pervasive and objectively offensive that it deprives RLM's access to educational opportunities provided by the school.

34.

At all times pertinent hereto, Defendants, STPSB, Bundy and Sloan were "persons" acting under color of authority within the meaning and intent of 42 USC § 1983.

35.

At all pertinent times, Petitioner enjoyed clearly established right to be free from harassment, the right to bodily integrity, the right to her reputation, the right to an education, the right to report, protest, and complain about unlawful conduct, all guaranteed to her pursuant to the 1st and 14th Amendment to the United State Constitution. These Defendants impaired and violated Petitioner's clearly established right and are thus liable unto Petitioner pursuant to 42 USC § 1983, for which she sues for herein.

36.

The actions of the individual Defendants were undertaken with malice and/or reckless indifference to the Petitioner's rights. Defendants are liable for punitive damages as allowed by law.

37. The Petitioner is entitled to and desires an award of attorney's fees pursuant to Louisiana and Federal Law.

38.

The Petitioner is entitled to and desires an award of all such other relief afforded to the Petitioner at law or in equity.

39.

The Petitioner is entitled to and desires a trial by jury of this matter.

WHEREFORE, the Petitioner, **KIM SCHEHR**, individually and on behalf of her minor daughter, RLM, over whom she has sole custody, prays for trial by jury and after due proceedings are had that there by judgment herein in her favor and against the Defendants, **MARK ERNST, Jr., ST. TAMMANY PARISH SCHOOL BOARD, BRUCE BUNDY, INDIVIDUALLY AND IN HIS OFFICIALLY CAPACITY AS PRINCIPAL OF MANDEVILLE HIGH SCHOOL, and GAYLE SLOAN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF ST. TAMMANY PARISH SCHOOL BOARD,** jointly and *in solido* as allowed by law, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, litigation expenses and all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief afforded her at law or in equity.

RESPECTFULLY SUBMITTED:

*/s/ Jill L. Craft*

**JILL L. CRAFT**, T.A. #20922
721 NORTH STREET
BATON ROUGE, LOUISIANA 70802
TELEPHONE: (225) 663-2612
FACSIMILE: (225) 924-7480

**ANGELA WILT COX** (#26553)
534 FREMAUX AVENUE
SLIDELL, LOUISIANA 70458
TELEPHONE: (985) 847-2207
FACSIMILE: (985) 847-2237
ATTORNEYS FOR KIM SCHEHR

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KIM SCHEHR, INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER, RLM** | CIVIL ACTION NO: _____ <br><br> JUDGE: _____ |
| **VERSUS** | MAGISTRATE-JUDGE: _____ |
| **ME, Jr., ST. TAMMANY PARISH SCHOOL BOARD, BRUCE BUNDY, INDIVIDUALLY AND IN HIS OFFICIALLY CAPACITY AS PRINCIPAL OF MANDEVILLE HIGH SCHOOL, GAYLE SLOAN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF ST. TAMMANY PARISH SCHOOL BOARD** | |

* * *

**VERIFICATION**

STATE OF LOUISIANA
PARISH OF ST. TAMMANY

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**KIM SCHEHR**

a resident of the full age of majority, domiciled in the Parish of St. Tammany, State of Louisiana, who upon being duly sworn did depose and state that she is the Petitioner in the above and foregoing Complaint, that she has read same and all facts and allegations contained therein are true and correct.

_____
KIM SCHEHR

SWORN TO AND SUBSCRIBED before me, Notary Public, this ___9___ day of ___Sept___, 2008.

_____
Notary Public